UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

　　　Plaintiff,

vs.

LESAGA HOLDINGS - 673 9 AVENUE, and
HKQ, INC.,

　　　Defendants.

## **COMPLAINT**

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, LESAGA HOLDINGS - 673 9 AVENUE, and HKQ, INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## **JURISDICTION AND VENUE**

1.　　This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.　　The subject property is a 1920s's style bar and restaurant located in Hell's Kitchen at 675 A 9th Ave, New York, NY 10036 (hereinafter, the "Subject Premises").

3.　　All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

4.      Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5.      Defendant, LESAGA HOLDINGS - 673 9 AVENUE, is a Foreign Limited Liability Company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, LESAGA HOLDINGS - 673 9 AVENUE, is the owner of the Subject Premises.

6.      Defendant, HKQ, INC., is a Domestic Business Corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "MOLLY PITCHER CLUB" located at the Subject Premises.

7.      MOLLY PITCHER CLUB is a cozy, speakeasy-style cocktail bar and restaurant located at 675 A 9th Ave in Manhattan's lively Hell's Kitchen neighborhood. Plaintiff enjoys dining at MOLLY PITCHER CLUB and appreciates the quality of its food and cozy old-world ambiance. However, despite the Plaintiff's appreciation for the restaurant, significant accessibility barriers limit their ability to fully enjoy the dining experience, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

8.      On or about April 24, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, including but not limited to inaccessible bars, tables, and an inaccessible restroom.  Plaintiff struggled with these barriers and was prevented from enjoying the food and ambience of the Facility, and is discouraged from returning, despite his desire and

intention to do so, and had thus been injured.  Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

9.      Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

10.      Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

11.      Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

12.      Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

13.      The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

14. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

15. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

16. On or about April 24, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

17. Plaintiff intends to return to the Subject Premises this summer and fall and going forward to share drinks and food with family and friends. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

18. Plaintiff regularly visits the Hell's Kitchen neighborhood, as it is a lively, pedestrian friendly area with many shops, bars, cafes and restaurants in close proximity to each other with a young and lively crowd of people. It is also easily accessible by public transportation.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
### (Against All Defendants)

19. Plaintiff restates Paragraphs 1-18 as though fully set forth herein.

20. Defendants, LESAGA HOLDINGS - 673 9 AVENUE, and HKQ, INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the

Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

21.    LESAGA HOLDINGS - 673 9 AVENUE, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

22.    HKQ, INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

23.    The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1)  INACCESSIBLE DINING TABLES.

REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. NON-COMPLIANT HEIGHT OF DINING TABLES EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
b.  A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
c.  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
d.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
e.  The clearance shall be 30 inches (760 mm) wide minimum.
f.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
g.  Knee clearance shall be 30 inches (760 mm) wide minimum.

5

**2)** INACCESSIBLE BAR.

NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR. PORTION OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**a.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
**b.** Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
**c.** Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
**d.** A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
**e.** The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
**f.** Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
**g.** The clearance shall be 30 inches (760 mm) wide minimum.
**h.** Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
**i.** Knee clearance shall be 30 inches (760 mm) wide minimum.

**3)** NON-COMPLIANT DOOR SWING OF RESTROOM DOOR.

RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN RESTROOM.

**a.** Toilet and bathing rooms shall comply with 603.
**b.** Doors shall not swing into the clear floor space or clearance required for any fixture.

**4)** NON-COMPLIANT DOOR LOCK AT RESTROOM DOOR REQUIRES PINCHING OF FINGERS.

**a.** Doors, doorways, and gates that are part of an accessible route shall comply with 404.
**b.** Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
**c.** Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

**5)** INACCESSIBLE WATER CLOSET IN RESTROOM.

REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.

    **a.** Clearances around water closets and in toilet compartments shall comply with 604.3.

    **b.** Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

**6)** REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN RESTROOM.

    **a.** Grab bars for water closets shall comply with 609. Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

**7)** NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN RESTROOM.

    **a.** The water closet shall be positioned with a wall or partition to the rear and to one side. The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition.

**8)** INACCESSIBLE FLUSH CONTROL AT WATER CLOSET IN RESTROOM.

NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET IN RESTROOM.

    **a.** Flush controls shall be hand-operated or automatic. Hand-operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

**9)** INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN RESTROOM NOT PROVIDED AS REQUIRED.

    **a.** Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

24.    Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff

to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

25.    The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

26.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

27.    Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

28.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

29.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the

Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

July 17, 2026

*/s/ Jennifer E. Tucek*
Jennifer Tucek, Esq.
Bar No. JT2817
Law Office of Jennifer Tucek, PC
641Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*

9